IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREATER COLUMBIA OB-GYN, P.A.<br>PROFIT SHARING PLAN, a benefit plan, &<br>ESTATE OF SUSAN KEESHAN,<br><br>　　　　　　　　Defendant. | )<br>)<br>)　　FILE NO.  3:16-cv-1783-JFA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to his authority under §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Greater Columbia OB-GYN, P.A. Profit Sharing Plan and Estate of Susan Keeshan.  Defendants and the Secretary have agreed to resolve all matters in controversy in this action, and any proceedings related thereto, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

　　　　　　A.　　The Secretary's Complaint alleges that the Company breached its fiduciary duty with respect to the Greater Columbia OB-GYN, P.A. Profit Sharing Plan (the "Plan") by failing to discharge its duties under the Plan and by violating provisions of § 404 of ERISA, 29 U.S.C. § 1104, as set forth in the Complaint.  The Complaint also alleges that Keeshan is the named Trustee of the Plan.

B.    Defendants hereby admit to the jurisdiction of the Court over it and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C.    Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

D.    This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

E.    The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1.    The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2.    AMI Benefit Plan Administrators, Inc. of Youngstown, Ohio, is appointed as successor fiduciary for the Plan and:

a.    The successor fiduciary shall collect, marshal, and administer all of

the Plan's assets and take such further actions with respect to the Plan as may be appropriate.

    b.  The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties.

    c.  The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

    d.  The successor fiduciary shall be entitled to receive $2,755.00 for reasonable fees and expenses for his services, payable from the assets of the Plan.

    f.  Defendants shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of the successor fiduciary.

    g.  The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

    h.  The successor fiduciary in the performance of his duties may retain such assistance as he may require, including attorneys, accountants, actuaries and other service providers;

    i.  The payment of administrative expenses and all fees to the successor fiduciary, his assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan;

    j.  The successor fiduciary or his agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary;

    k.  The successor fiduciary is to comply with all applicable rules and

laws.

     5.     This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

     a.     This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

     b.     This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

     c.     Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

     IT IS SO ORDERED.

June 13, 2016                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge